**COOPER TIRE AND RUBBER COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20757.

United States Court of Appeals, Sixth Circuit.

May 10, 1971.

Paul W. Walter, Cleveland, Ohio, for petitioner; Michael T. McMenamin, Walter, Haverfield, Buescher & Chockley, Cleveland, Ohio, on brief.

Russell J. Thomas, Jr., Atty., N.L.R.B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel

Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, James P. Hendricks, Attys., N. L. R. B., Washington, D. C., on brief.

Before McCREE and BROOKS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

### ORDER

PER CURIAM.

Petitioner, Cooper Tire and Rubber Company, petitions to review and set aside an order of the respondent, National Labor Relations Board, and the Board cross-petitions for enforcement of its order. The order is reported at 185 N.L.R.B. 48.

The Board found that the company violated Section 8(a) (1) and (3) of the Act (29 U.S.C. § 151 et seq.) by suspending two employees for participating in protected activity. These suspensions lasted for four days. The Board also found the company in violation of Section 8(a) (1) of the Act for promulgating and maintaining a company rule[1] prohibiting employees from distributing literature relating to Section 7 activity on its premises at any time.

Briefly stated, one of the employees was suspended because, in order to protest the manner in which the union was representing its employees, he drafted a petition which stated "We the people of Local 752 Feel that The Union officals [sic] Are Not Doing There [sic] Job." The other employee was suspended because he circulated the petition and had nine other employees sign it. The Board found, however, that each of the employees signed the petition outside working areas and either before starting to work or during break periods.

We conclude from a consideration of the record as a whole that it contains substantial evidence supporting the findings of the Board that the company suspension of the two employees because of their activity in connection with the petition seeking change in the union leadership was without justification and violative of Section 8(a) (1) and (3) of the Act. There is also substantial evidence that the company violated Section 8(a) (1) of the Act by maintaining an overbroad rule prohibiting handbill distribution. See Republic Aviation Corporation v. National Labor Relations Board, 324 U.S. 793, 65 S.Ct. 982, 89 L. Ed. 1372 (1945); National Steel Corp. v. National Labor Relations Board, 415 F.2d 1231 (6th Cir. 1969).

We also agree with the Board that it did not lose jurisdiction of this proceeding because the dispute had been processed through contractual grievance procedure. See John Klann Moving and Trucking Company v. National Labor Relations Board, 411 F.2d 261 (6th Cir. 1969), cert. denied, 396 U.S. 833, 90 S. Ct. 88, 24 L.Ed.2d 84.

The Board's cross-petition for enforcement of its order should be granted.

It is so ordered.

---

1. The rule "The Distribution of handbills within the plant is prohibited."